RUMBOLD v. ADCOCK.   (No. 1133.)

(Court of Civil Appeals of Texas.   Amarillo.
March 14, 1917.)

VENDOR AND PURCHASER 232(9) — BONA
FIDE PURCHASER—NOTICE OF RIGHTS OF
TENANT.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5488, providing that, if a landlord fails to comply with his contract, he shall be liable to tenant, and tenant shall have a lien upon property in possession, a purchaser of land is charged with notice of the rights of a tenant in possession.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 556–558.]

Appeal from Hemphill County Court; J. L. Jennings, Judge.

Action by F. M. Rumbold against H. Adcock. Judgment for defendant, and plaintiff appeals. Affirmed.

Hoover & Dial, of Canadian, for appellant. J. W. Sanders, of Canadian, for appellee.

HALL, J. Appellant, Rumbold, as plaintiff, sued appellee October 21, 1915, to recover the value of certain crops raised on a certain section of land during the year 1914. Plaintiff's allegations in substance are that during the fall of the year 1913 the Tesson Realty & Investment Company, a corporation, Edward P. Tesson, and Robert F. Tesson were the owners of the north half of the section of land described in the petition; that they entered into a verbal contract with H. Adcock for the lease of said land, and were to receive as rents one-third of all crops raised upon the premises in 1914. The crops so raised are described in the petition, and it is alleged further that on or about the 9th day of July, 1914, the land was conveyed by the Tesson Realty & Investment Company, Edward P. Tesson, and Robert F. Tesson to the plaintiff for a valuable consideration, and that by reason of such conveyance plaintiff alleged that he acquired the right to collect the rent from said land, that the crops had been harvested and sold by the defendant, Adcock, and that the amount due plaintiff was the sum of $250. Appellee's original answer consisted of a general demurrer, general denial, and specially alleged that the defendant made a trade with the Tesson Realty Company, Robert F. Tesson, and Edward P. Tesson by the terms of which the Tessons were to improve the place and allow the defendant $2 per acre for breaking the raw land, the same to be paid in cash when the land was broken, and in return defendant was to render for the use of the land one-third of the crops grown on the place; that thereafter, when defendant had broken the land, the said Tessons did not pay cash for the same, but agreed that the amount due should run and bear interest at 10 per cent. per annum, and that their share of the crops should be applied to the payment of the same; that when it was ascertained that the Tessons could not place the improvements on the land as agreed, defendant was requested to do so, to charge a reasonable price for the same, and that such sum should bear interest from the date of outlay until paid at the rate of 10 per cent., and that appellee should be reimbursed for such sum so expended out of said rents; that this arrangement and agreement continued through the years 1912 to 1914, inclusive, and at the beginning of the year 1914 the said Tessons were indebted to the defendant in the sum of $226.91, and defendant was requested to do still further improvements and labor, with the understanding that the rents from the crops to be grown upon the place should be applied by appellee to the indebtedness due him until all of such indebtedness should be fully paid off, and discharged; that, after allowing all credits, the Tessons were still indebted to defendant in the sum of $44.12; that throughout the years 1912 to 1914, inclusive, appellee was living upon said land cultivating, using, and in undisputed possession of the same prior to, at the time of, and since the alleged purchase of the land by plaintiff. In reply to this answer plaintiff filed a supplemental petition, consisting of a general demurrer, several special exceptions, to the effect that the answer did not allege that the plaintiff knew, or had any facts to put him upon inquiry, as to the conditions, agreements, and understandings alleged to exist between defendant and the Tessons; that said answer was insufficient because by the terms of plaintiff's petition plaintiff had only sought to recover a one-third interest in the crop for the year 1914, and, in the absence of an allegation to the effect that plaintiff knew of the contract alleged in said special answer between the defendant and the Tessons at and prior to the time of the alleged purchase in plaintiff's petition, such contract between the Tessons and the defendant would not, as a matter of law, be binding upon plaintiff, and further that the answer was insufficient because it did not allege any facts to show whether or not at the time the land was purchased by plaintiff the crops for the year 1914 were a part of the realty or had been severed therefrom. The supplemental petition further replied to the answer that, if any agreement or understanding, as alleged by defendant in his original answer, between him and the Tessons had ever existed, the same was without the knowledge of the plaintiff at the time he purchased the land; that on the date of the purchase the crops in controversy were growing upon the land, were not ready to be harvested, and were not really harvested for more than 60 days subsequent thereto, and that at the time of the purchase said crops had never been severed from the realty, either actually or constructively. A trial be-

fore the court resulted in a judgment that plaintiff take nothing.

The first two assignments of error present the question of the sufficiency of the answer because it fails to allege that appellant had notice of the contract between the Tessons and appellee at the time appellant purchased the land. We think the court was correct in this ruling. At the time of appellant's purchase Adcock was in visible and notorious possession of the land, actually occupying, using, and cultivating it, and had been for two years. Such possession was notice of all of his right, title, or equities in and to the premises, and put appellant upon inquiry with reference to the extent of his rights and possession. Simpkins on Equity, 592, 595; Howell v. Denton, 68 S. W. 1002; Garbutt v. Mayo, 13 L. R. A. (N. S.) 97, note. This court, in the case of Frith v. Wright, 173 S. W. 453, held that the statute giving a landlord's lien is in itself notice to all persons dealing with a tenant of whatever rights the landlord had in and to the premises or the crops raised thereon. Article 5488, Vernon's Sayles' Civil Statutes, provides that nothing in the title of "Landlord and Tenant," of which the article is a part, shall be so construed as to prevent landlords and tenants from entering into such stipulations or contracts in regard to rents and advances as they may think proper, and should the landlord, without any default on the part of the tenant, fail to comply with his part of the contract, he shall be responsible to said tenant for whatever damages may be sustained thereby, and fixes a lien upon all the property in the tenant's possession not exempt from forced sale, as well as upon all rents due the landlord, to secure such tenant in his damages. What is said in Frith v. Wright, supra, with reference to the effect of the statute giving the landlord a lien as notice of the landlord's rights is applicable to this case in so far as the rights of the tenant are concerned. As long as Adcock was in actual possession of the premises appellant could not become a bona fide purchaser in the sense that he could defeat any rights accruing to Adcock under the terms of his lease contract with the Tessons.

It is unnecessary to discuss the remaining assignments. The judgment is affirmed.